# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JERON ALEXANDER,              :   Case No. 1:24-cv-285
                                 :
        Plaintiff,            :
                                   :
vs.                               :   District Judge Matthew W. McFarland
                                   :   Magistrate Judge Karen L. Litkovitz
CYNTHIA D. DAVIS, et al.,       :
                                   :
        Defendants.        :
                                   :

## ORDER

      Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983.[1]  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      In the complaint, plaintiff alleges that defendants violated his due process rights in connection with his Rules Infraction Board (RIB) and Serious Misconduct Panel (SMP)

---

[1] In the body of the complaint, plaintiff states that he is "filing a 28 U.S.C. 2241 Habeas Corpus claim for due process violations to get a judicial review and/or reversal of an administrative decision."  (Doc. 1-1, Complaint at PageID 17). However, although plaintiff refers to habeas corpus in the complaint, the Court understands this to be prisoner civil rights action brought under Section 1983.  Plaintiff does not seek immediate release from custody, challenge the conviction and sentence for which he is imprisoned, or allege that administrative decisions resulted in the lengthening of his imprisonment.  *See Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Instead, as discussed below, he seeks new hearings devoid of alleged due process violations.

hearings, which resulted in his placement in Extended Restrictive Housing (ERH). (Doc. 1-1, Complaint at PageID 17). Although plaintiff claims he requested to be present at the RIB and SMP hearings, plaintiff alleges that defendants improperly deprived him of the ability to attend the hearings or otherwise defend against the allegations, forged and manipulated documents, and interfered with his ability to appeal the decisions. (*Id.* at PageID 16, 17). As a result, plaintiff claims he was placed in a "maximum/supermax security facility" and given a two year ERH placement. (*Id.* at PageID 13, 15, 16). According to plaintiff, he is in solitary confinement for twenty-three hours a day, the lights in his cell never turn off, and he has little or no opportunity to interact or converse with others during the one hour he is permitted outside of his cell. (*Id.* at PageID 16). As relief, plaintiff seeks injunctive relief, including "a new fair hearing." (*Id.* at PageID 18).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his due process claim against defendants. *See Sandin v. Conner*, 515 U.S. 472 (1995) (holding that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence"); *Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship"). *See also Arnold v. Hauswirth*, No. 4:24-cv-312, 2024 WL 2845966, at *1-2 (N.D. Ohio June 5, 2024) (reviewing Ohio's current security classification scheme, noting that Ohio's super maximum-security classification "appears to have been eliminated in February 2017 and replaced with the level E

2

classification," including ERH "which is the most restrictive security level").  The complaint is deserving of further development and may proceed at this juncture.[2]  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff has failed to provide United States Marshal forms, summons, and copies of the complaint so that service may be issued on defendants.  Accordingly, it is **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a copy of the complaint, a United States Marshal form, and a summons form for each defendant named in the complaint[3] and against whom he seeks to proceed in this action.  The Clerk of Court is **DIRECTED** to provide plaintiff with a copy of the complaint for this purpose.

Additionally, before service is issued upon the John Doe defendants, plaintiff must file a motion to issue service setting forth the identity of the unidentified defendants.  Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery.  Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

Once the Court receives the requested forms and service copies, the Court will order service of process by the United States Marshal.

Plaintiff is advised that failure to comply with the Court's order may result in the dismissal of this action for lack of prosecution.

---

[2] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.  *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

[3] Plaintiff names the following defendants in the complaint: Cynthia D. Davis, Charles O'Connor, N. Brabson, Jeremy Oppy, Jennifer Black, and John Doe defendants 1 through 3.

It is further **ORDERED** that plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendants or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

It is further **ORDERED** that plaintiff shall inform the Court promptly of any changes in plaintiff's address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED.**

Date: 9/16/2024

Karen L. Litkovitz
United States Magistrate Judge

4